**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                                          No. 12-CR-1563-WJ

ARCHIE MANZANARES,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTIONS TO APPOINT COUNSEL**

THIS MATTER comes before the Court upon the Defendant's *pro se* motions to appoint counsel, filed September 15, 2020 and September 21, 2020 **(Docs. 69 & 73)** and the Federal Public Defender's ("FPD") motion to appoint counsel, filed October 30, 2020 **(Doc. 79).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant has not fully exhausted his administrative remedies under 18 U.S.C. §3582(c)(1)(A). Therefore, in an exercise of its sound discretion, the Court DENIES the above-listed motions to appoint counsel.

**BACKGROUND**

In 2013, Defendant pleaded guilty to (1) Felon in Possession of a Firearm/Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and (2) simple possession of heroin in violation of 18 U.S.C. § 844(a). *See* Doc. 32. He was sentenced to 180 months of incarceration followed by three years of supervised release. Doc. 31.

On September 15, 2020, Defendant filed two *pro se* motions, seeking appointment of counsel and compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i). *See* Docs. 69 & 70.

Specifically, Defendant requested that the Court allow him to finish the remaining portion of his prison sentence "on supervised release," residing with his sister in New Mexico. Doc. 70 at 2. Defendant "renewed" both motions on September 21, 2020, once again seeking appointment of counsel and compassionate release. *See* Docs. 73 & 74.

The FPD requested an additional 45 days to screen Defendant's case in order to determine whether to file a motion to appoint counsel under 18 U.S.C. § 3006A(a)(1). Doc. 71. The Court granted the time extension. Doc. 72. The Government also requested an extension of time to respond to Defendant's compassionate release request.[1] After screening Defendant's case, the FPD filed its Motion to Appoint Counsel on October 30, 2020. Doc. 79.

## DISCUSSION

Defendant has no constitutional right to counsel in pursuing his § 3582 motion, although the Court may appoint counsel in its discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir.2001); *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

Without addressing the merits of Defendant's requests for compassionate release, the Court notes the statutory framework under which these requests fall. A court may grant compassionate release for "extraordinary and compelling reasons."18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) was enacted, only the Bureau of Prisons ("BOP") could seek compassionate release. As amended, § 3582(c)(1)(A)(i), now permits courts to consider motions filed by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

---

[1] The Court granted the Government's motion and ordered the Government, in relevant part, to respond to Defendant's *pro se* motion for compassionate release within 14 days of the Court's order denying appointment of counsel. Doc. 78 (text order).

defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Defendant uses both of his *pro se* motions to request counsel based on his indigent status, as attested to in supporting affidavits. *See* Docs. 69 & 73. The FPD's motion to appoint counsel adds to Defendant's request, citing to Defendant's claims that his age and various health conditions provide an extraordinary and compelling basis for sentence reduction in light of the COVID-19 pandemic and asserting that "by statute, Mr. Manzanares has exhausted his administrative remedies." Doc. 79 at 2. However, in light of the statutory requirements and Tenth Circuit case law, the Court concludes that Defendant has not fully exhausted. Therefore, the Court will not appoint counsel in this case for the reasons discussed below.

A.   The FPD's Motion does not Comport with the Administrative Order's Requirements

On August 13, 2020, after receiving numerous ex parte and informal requests by the FPD to appoint counsel for compassionate release motions which they considered worthy of legal representation, the Court entered an Administrative Order establishing the proper procedures for "effectuating the discretionary appointment of counsel and handling compassionate release requests." 20-MC-00004, Doc. 30. That Order requires, *inter alia*, that the request for appointment of counsel "certify" that the defendant "has fully exhausted as required by Tenth Circuit law." *Id.* at 2. Here, the FDP's attempt to certify Defendant's exhaustion fails because there is no assertion that Defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," as required under these circumstances. *See* § 3582(c)(1)(A).

B. <u>Defendant Has Not Fully Exhausted Under 18 U.S.C. §3582(c)(1)(A)</u>

On June 28, 2020, Defendant filed a hand written request with the warden of his facility, USP Terre Haut, seeking compassionate release based on the ongoing COVID-19 pandemic and its interaction with his pre-existing medical conditions, "namely, hypertension, circulatory problems and respiratory illness." Doc. 79, Att. A.  On September 24, 2020, after considering the request and Defendant's medical condition, the warden found that his medical condition did not meet established criteria for home confinement or compassionate release and denied his request Doc. 79, Att. B.

The FPD claims that Defendant has exhausted under the statute because more than 30 days have passed since the warden of USP Terre Haute received Defendant's request for release. Doc. 79 at 2.  However, the Court finds Defendant has not exhausted all administrative remedies for purposes of "full" exhaustion under § 3582(c)(1)(A). *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[2] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and then must appeal a denial pursuant to § 571.63(a) (inmate "may appeal the denial" of a request for compassionate release).  *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(a)).  Only a denial by the BOP Director is considered a "final administrative decision."  § 571.63(c).

---

[2] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases).  The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such.  Many other courts in this Circuit have concluded likewise.  *See United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).

The FPD appears to construe the 30-day "lapse" in the statute as a waiting period, but this construction ignores the language requiring that a defendant "*fully exhaust[] all administrative rights to appeal* a failure of the [BOP] to bring a motion on the defendant's behalf." (emphasis added). In the context of the statute, the "lapse of 30 days" refers to a complete absence of response by the warden—which does not apply to Defendant's case. Treating it otherwise makes the alternative of appeal superfluous; a defendant could simply wait out 30 days from receipt of his request, regardless of whether there is a response. Also, the express language of the provision encompasses an "appeal" of the BOP's decision. *See Baty v. Williamette Ind.,* 172 F.3d 1232, 1245 (10th Cir. 1999) (language of statute itself "must ordinarily be regarded as conclusive"). Thus, while appeal is not mandated, Defendant was required to appeal the warden's response to the BOP if he wished to seek direct judicial relief. *See* 18 C.F.R. §571.63(c) (denial of inmate's request by BOP Director constitutes "final administrative decision").

**THEREFORE**, in an exercise of its sound discretion, the Court **DENIES** Defendant's motions to appoint counsel **(Docs. 69 & 73)** and **DENIES** the FPD's motion requesting the same **(Doc. 79)**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE