IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR NO. 12-1563 WPJ |
| | ) | |
| | ) | |
| ARCHIE MANZANARES, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE FROM CUSTODY

The United States hereby responds to Petitioner Archie Manzanares' Motion for

Compassionate Release from Custody.    The United States opposes Petitioner's motion for the

following reasons.

PROCEDURAL SUMMARY

On June 27, 2012, a federal grand jury returned an indictment against Petitioner, charging

him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).    Doc. 2.

On April 1, 2013, Petitioner plead guilty to the indictment.    Doc. 29.    The Court sentenced

Petitioner to 180 months.    Doc. 31.    On September 21, 2020, Petitioner filed the pending

motion seeking compassionate release.    Doc. 74.

ARGUMENT

Petitioner argues that he should be released from custody due to health problems and due

to the Covid-19 pandemic.    Doc. 74.    Petitioner claims he suffers from deep thrombosis and

asthma.    *Id*.    He claims that he is susceptible to Covid-19.    *Id*.

A.  Response to Petitioner's Factual Allegations

Petitioner is incarcerated at the Bureau of Prison (BOP) facility in Terra Haute, Indiana.

The facility has a medical staff and guidelines for classifying and treating illness.    Exhibit C.

The government concedes that the inmate population at the facility has been infected with Covid-19.

The Attorney General issued memoranda on March 26, 2020, and April 3, 2020, directing the Bureau of Prison (BOP) to establish guideline for compassionate home relief.   The Attorney General directed BOP to prioritize transferring inmates to home confinement in appropriate circumstances when those inmates are vulnerable to COVID-19 under the CDC risk factors. The BOP adopted such a program and is devoting resources to it.

https://www.bop.gov/coronavirus/index.jsp.

Petitioner contracted Covid-19 already and has recovered.[1]  Exhibit B, pgs. 194, 264 (pdf.).   While it is possible for him to contract the disease a second time, none of those who do

---

[1]  This information is disclosed to Court in a sealed addendum.   Prison hospitals are subject to some disclosure restrictions pursuant to HIPPA, 42 U.S. Code § 1320d–6, *see* 45 C.F.R. §164.512(k)(5)(i).   Hospitals charged with inmate care must follow the statutory scheme and protect inmate personal health information (PHI), subject to exceptions below.   Under the Privacy Rule, an inmate hospital is not required to obtain an authorization or consent prior disclosing inmate PHI.   *See* 45 C.F.R. §164.506(a); *see* 45 C.F.R. §164.512.   A hospital providing prison health care may disclose PHI to a law enforcement official if the law enforcement official represents that such protected health information is necessary for:

      A) **the provision of health care to such individuals**;
      B) the health and safety of such individual or other inmates;
      C) the health and safety of officers or employees or others at the correctional institution;
      D) the health and safety of such individuals and officers or other persons responsible for the transport of inmates or their transfer from one institution, facility or setting to another;
      E) Law enforcement on the premises of the correctional institution;
      F) **The administration and maintenance of the safety, security, and good order of the correctional institution.**

*See* 45 C.F.R. §164.512(k)(5)(i).6 [emphasis added].

      A prison hospital's disclosure is permitted to entities outside the hospital if the correctional institution or law enforcement official represents that the protected health information is necessary for any of the purposes listed above.   *Id. see also* http://www.hhs.gov/ocr/part2.html; http://www.hhs.gov/ocr/part.html.   A covered entity that is a correctional institution may use PHI of inmates for any purpose for which such protected health information may be disclosed.   *See* 45 C.F.R. §164.512(k)(5)(ii

      In this case, there is little evidence that the Petitioner will receive better healthcare if released from the facility; thus, the release of health care information is relevant to the facility's ability to provide health care to the Petitioner.   Release of the information is necessary also to maintenance of the safety, security, and good order of the correctional institution.   The BOP has its own policy regarding the compassionate release of inmates, and judicial intervention in that process would impact the good order of the correctional institution.

appear to get sick again.   https://www.wsj.com/articles/can-you-get-covid-19-twice-11589388593.

The BOP facility at Terra Haute has a medical staff and Petitioner has received good health care in the facility include, medical, dental and optical.   Exhibit B.   Defendant complains of asthma and thrombosis.   He received treatment for these conditions.   *Id*. at pgs. 5, 21, 59, 60, 111, 113, 115, 117, 134, 189, 190, 257.

B.   Petitioner Is Not Entitled to Relief

1.   Petitioner Has Not Shown Extraordinary and Compelling Circumstances

Petitioner is generally healthy and is receiving adequate medical care.   Exhibit B.   In such cases, a defendant seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) must establish an "extraordinary and compelling reason[]," as that term is defined in Application Note 1 to U.S.S.G. § 1B1.13.   The risk of COVID-19 by itself is not an extraordinary and compelling reason allowing compassionate release.   The Court of Appeals for the Third Circuit correctly stated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

A Court cannot independently define extraordinary and compelling reasons beyond those set forth in Application Note 1(A) through 1(C) of Section 1B1.13 and those set forth in BOP Program Statement 5050.50.   A court may not itself define extraordinary and compelling reasons:

(c) Modification of an imposed term of imprisonment.--The court may not modify
a term of imprisonment once it has been imposed except that—

(1) in any case—

3

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)      extraordinary and compelling reasons warrant such a reduction; or

    (ii)      the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582; *see also* U.S.S.G. § 1B1.13.2

---

[2] For its part, BOP has defined those circumstances in BOP Program Statement 5050.50, which focuses on the same types of medical, age, and family circumstances addressed in the guideline policy statement, albeit with some differences in the definition of such qualifying circumstances. See https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Petitioner does not have an extraordinary and compelling reason for release.   Petitioner does not qualify for release under section 3582 because he is not 70 years old, has not served 30 years in prison, and the BOP has not determined that he is "not a danger to the safety of any other person or the community."   To the contrary, the BOP determined him to be high risk. Exhibits, D, E.   Petitioner has committed several acts of misconduct in prison, including possessing a dangerous weapon.   Exhibit F.   Petitioner was convicted in the state courts of New Mexico of aggravated battery with a deadly weapon and is serving a concurrent sentence. Exhibit H.

In the context of the 18 U.S.C. § 3553 factors, particularly the nature and circumstances of the offense, the history and characteristics of the defendant and the need to public from further crimes of the defendant, the Court can take judicial notice that the Petitioner was convicted of aggravated assault with a deadly weapon, aggravated battery, and armed robbery.   Doc. 53.   As such, the Court sentenced him as armed career criminal.   18 U.S.C. § 924(e)(2)(B).

      2.  <u>The Petitioner Is Not Entitled to Relief Because He Has Not Exhausted His Administrative Remedies</u>

As set forth above, the BOP has a program for compassionate release of inmates. As amended by the First Step Act of 2018, the statute permits a reduction motion to be filed by the Director of the Bureau of Prisons, or by the inmate himself, "**after the defendant has fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).

There is no indication that Petitioner sought relief through the BOP's program.

**CONCLUSION**

The Court should conclude that Petitioner is not entitled to relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed*
NORMAN CAIRNS
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I certify a copy of the
foregoing was delivered to counsel
by mail.

this 17th day of November 2020.

File Electronically
NORMAN CAIRNS
Assistant United States Attorney

6