# UNITED STATES DISTRICT COURT
## for the
## District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER ON MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) |
| v. | (COMPASSIONATE RELEASE) |
| ARCHIE J. MANZANARES | Case No.:   1:12-CR-01563-1-WJ |

Date of Original Judgment:   07/03/2013           USM No:   67552-051

Date of Previous Amended Judgment:   Select Date.     Defendant's Attorney:   Samuel Weiss

*(Use of Date of Last Amended Judgment if Any)*

  Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant to whether a reduction is warranted (as, if so, the amount of the reduction),

**IT IS ORDERED** that the motion is:

☐ **GRANTED**

### IMPRISONMENT

☐ The defendant's previously imposed sentence of imprisonment of _____s is reduced to _____ ; or

☐ Time Served:

  ☐ The defendant is to remain in Bureau of Prisons custody until the defendant's residence can be verified *or* a release plan can be developed. Additional custody shall not exceed _____ days unless extended by the Court, or

  ☐ An appropriate release plan is in place and the defendant shall be released immediately.

### SUPERVISED RELEASE

☐ The defendant's term of supervised release is unchanged.

☐ The defendant's term of supervised release is changed from _____ to _____ .

☐ The defendant's conditions of supervised release are unchanged.

☐ The defendant's conditions of supervised release are modified as follows:

☐    **DEFERRED** pending supplemental briefing and/or hearing. The court DIRECTS the United States Attorney to file a response on or before   Select Date  , along with all Bureau of Prisons records [medical, institutional, administrative] supporting the approval or denial of this motion.

☒    **DENIED** after complete review of the motion on the merits.
    ☒    FACTORS CONSIDERED (Optional)

Defendant, a 51-year-old inmate housed at a Bureau of Prisons ("BOP") facility in Terre Haute, Indiana, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the ongoing COVID-19 pandemic, conditions present at BOP facilities, and his medical conditions constitute extraordinary and compelling reasons that warrant compassionate release.

The Government objects, arguing that Defendant has failed to establish extraordinary and compelling reasons warranting a reduction in his sentence. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[D]efendant, as the § 3582(c)(2) movant, bears the burden of establishing" eligibility); *United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (a defendant bears the burden of establishing entitlement to sentencing reduction). The Government makes a partial concession that "Defendant may have exhausted his administrative remedies within the meaning of the statute." Doc. 103 at 7.

Here, the Government submits documentation that Defendant filed a request with the warden of his facility on July 31, 2020. *See* Doc. 103-7. This request was denied on September 24, 2020, more than 30 days after it was received by the warden. *See* Doc. 103-8. Per the plain language of 18 U.S.C. § 3582(c)(1), this earlier "lapse" of 30 appears to take priority over the BOP's later denial. The Court assumes without deciding that Defendant has fully exhausted his administrative remedies as required by the statute, and thus it reviews Defendant's request on the merits.

In order to grant a defendant's compassionate release motion, the Court must first engage in a three step process under § 3582(c)(1)(A), whereby the Court (1) finds that extraordinary and compelling reasons warrant a sentence reduction; (2) finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) considers the factors set forth in § 3553(a), to the extent that they are applicable. 18 U.S.C. §3582(c)(1)(A)(i) & (ii); *see also United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *7 (10th Cir. Apr. 1, 2021) (adopting the statutory test put forth in *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020)); *United States v. McGee*, ___ F.3d ___, 2021 WL 1168980 at *5. (10th Cir. Mar. 29, 2021) (same). All three steps must be satisfied when a court orders compassionate release, but in instances in which the court denies a motion, it does not need to address all three steps. *McGee*, 2021 WL 1168980 at *6 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

Defendant urges the Court to make a finding that the following circumstances, whether considered together or independently, are "extraordinary and compelling" reasons: (a) Defendant's ongoing struggles with asthma, hypertension, deep vein thrombosis, peripheral vascular disorder, and obesity and (b) the global COVID-19 pandemic and the BOP's inadequate policies and practices to curtail outbreaks of the virus among inmates. The Court will first address Defendant's medical infirmities independently and then will examine how these conditions affect Defendant in light of the COVID-19 pandemic. The Court declines Defendant's invitation to make a finding that the mere existence of the COVID-19 pandemic independently creates an extraordinary and compelling reason. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant's medical records from 2018 to this year indicate that Defendant has been receiving good health care at his facility, including medical, dental, and optical care. *See* Docs. 103-3, 103-4, 103-5, and 103-6. These records show that Defendant has consistently received treatment and medication for the above-listed medical conditions. *See* Docs. 103-3 at 5, 257 & 103-6 at 29 (deep vein thrombosis); Docs. 103-3 at 5, 116, 189 & 103-6 at 27, 29, 30 (peripheral vascular disorder); Docs. 103-3 at 21, 59, 60, 111, 113, 115, 134, 135, 189 & 103-6 at 29, 30 (asthma);

Docs. 103-3 at 59, 60, 111, 115, 117, 135, 189 & 103-6 at 30 (hypertension). As such, the Court finds that these conditions alone do not create extraordinary and compelling reasons.

The Court will next address Defendant's conditions as they relate to the COVID-19 pandemic, the severity of which is thankfully decreasing as more individuals in the United States, including Defendant, are being vaccinated against the virus. Defendant argues that his conditions put him at an increased risk of severe illness from the COVID-19 virus. He references the Centers for Disease Control and Preventions ("CDC") website, which keeps track of illnesses and conditions that elevate an individual's risk, and cites five cases in which other district courts from around the country granted compassionate release to inmates diagnosed with at least one of Defendant's conditions. Doc. 100 at 30–31. The Court notes that all cited to grants of compassionate release are from 2020, before the BOP had broad access to immunization options for its inmate population. Defendant further argues that his vulnerability is increased by the BOP's inability to put in place necessary safety precaution. Again, the Court notes that virtually all of the materials cited to for this argument were produced over a year ago. *See* Doc. 100 at 31–4. Since the spring of 2020, the BOP, along with the rest of the country, has learned more about how this virus spreads and implemented more effective procedures and precautions accordingly. The BOP website shows that during the course of the pandemic Terre Haute USP experienced 2 inmate COVID-19 deaths and 705 inmates recovered from the virus. *See* BOP, "COVID-19 Cases," https://www.bop.gov/coronavirus/ (last updated May 26, 2021) (last visited May 27, 2021). As of May 26, 2021, Terre Haute USP reports no current cases of inmates testing positive for COVID-19. *Id.*

The Government urges the Court to consider Defendant's risk for serious complications or even death from COVID-19 in the context of his recent experiences with the virus. Defendant's medical records show that he tested positive for Covid-19 on August 27, 2020. Doc. 103-5 at 194. Defendant received his first dose of the COVID-19 Pfizer-BioNTech immunization on December 30, 2020 and his second dose on January 19, 2021. Docs. 103-5 at 175 & 103-6 at 73. Defense counsel, relying on older medical records filed by the Government on November 17, 2020, argues that Defendant's recovery from his August 2020 infection is not dispositive as Defendant "may remain at risk for reinfection." Doc. 100 at 44-47. Of course, this argument does not take into account Defendant's current status as a fully vaccinated individual, which significantly reduces his risk for infection and severe illness caused by breakthrough infection. *See* CDC, "COVID-19 Vaccines," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated May 20, 2021) (last visited May 27, 2021). This Court agrees with United States District Judge Thomas L. Ludington's finding in *United States v. Smith* that "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Accordingly, this Court cannot make the required finding that extraordinary and compelling reasons warrant a reduction in Defendant's sentence.

Therefore, Defendant's motion for compassionate release is hereby DENIED on the merits.

☐  DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; nor have 30 days lapsed since the receipt of such a request by the Warden.

**IT IS SO ORDERED.**

Order Date:        05/27/2021

_____
WILLIAM P. JOHNSON
Chief United States District Judge